

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 9, 1966

Honorable Harold Vittitoe          Opinion No. C-758
County Attorney
Brooks County Courthouse          Re: Exemption from
Falfurrias, Texas                      ad valorem taxes
                                       of properties
                                       belonging to The
Dear Mr. Vittitoe:                     Ed Rachal Foundation

         We have been furnished with several letters and briefs
in connection with your request on the above captioned matter.
We quote the following excerpt from one of these briefs.

         "The properties of the Foundation
         passed under the Last Will and Testament
         of Ed Rachal, Deceased, which has been
         duly probated in the County Court of
         Brooks County, Texas.  The Foundation
         was chartered under the Non-Profit Corp-
         oration Act for the State of Texas on
         July 29, 1965.  There have been no past
         charitable activities of the Foundation
         in view of its newness, however, the
         planned future activities of the Founda-
         tion will probably be stronger in the
         public library area of public charity,
         and although present plans of the Founda-
         tion are indefinite, they will be within
         the limits of its purposes as set forth
         in its Articles of Incorporation.  A
         copy of its Articles of Incorporation is
         enclosed for your use.  As indicated in
         the letter to the various taxing author-
         ities The Ed Rachal Foundation has been
         held to be exempt from Federal Income
         Taxes under the provisions of Section
         501(a) as a corporation described in Section
         501(c) (3) of the Internal Revenue Code
         inasmuch as the corporation is organized
         and operated exclusively for charitable
         purposes.  For the same reason the Office
         of the Comptroller of Public Accounts for
         the State of Texas has ruled The Ed Rachal
         Foundation exempt from Franchise Taxes as
         a purely public charity."  (Emphasis Supplied.)

-3645-

At the outset, the fact that The Foundation has been held to be exempt from federal income taxes and has been accorded an exemption from franchise taxes by the Comptroller, is not determinative of exemption from ad valorem taxes. Section 2 of Article VIII of the Constitution of the State of Texas empowers the Legislature to exempt from taxation certain enumerated properties, among which are ". . .institutions of purely public charity." Section 7 of Article 7150, Vernon's Civil Staututes, which was enacted in pursuance to the foregoing Constitutional authorization, reads as follows:

> "Public charities. - All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

We have been furnished with considerable information about properties, both real and personal, located in Brooks, Cameron, and Webb Counties, Texas, as well as with certain arguments that the use to which said properties are presently being put justifies the allowance of charitable exemptions. Since we do not agree, we do not deem it necessary to take up the uses of said properties at this time, since, as stated in the above quoted portion from one of the briefs, there have been no charitable activities by the Foundation in view of its newness and, at the moment, there are only planned

future charitable activities, the precise nature of which have not been determined.

Numerous decisions of our courts clearly establish the rule that in order to gain the exemption granted by Section 7 the charitable institution must not only own the property for which exemption is sought, but must, in addition, make an actual, direct and exclusive use of said property for charitable purposes. Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926 (Tex. Com. App. 1924); Benevolent and Protective Order of Elks v. City of Houston, 44 S.W. 2d 488 (Tex. Civ. App. 1931, error ref.); City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W. 2d 1112 (1941); Markham Hospital v. City of Longview, 191 S.W. 2d 695 (Tex. Civ. App. 1945, error ref.)

The case of Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W. 2d 632 (1952) demonstrates what facts are sufficient to constitute "actual use." The court was there concerned with the following facts. The Hedgecroft Corporation had acquired title to the property in question through gift and conveyance on December 30, 1948. Before that time the corporation had agreed with a construction company to make the necessary alterations and repairs of the property to fit it for the operation of a hospital, clinic and training school; and beginning with the week ending July 7, 1948, and continuing until December 29, 1948, the construction company had been preparing plans for repairs and alterations. From August 1, 1948, through December 27, 1948, a blue print company had furnished numerous blue prints concerning the contemplated repairs. Prior to the corporation's acquisition of the property in question and immediately thereafter including January 1, 1949, the corporation was engaged in planning and making the necessary repairs. The remodeling was completed on May 13, 1949, to an extent which allowed the clinic to move on to the premises; and the clinic had since been continuously in operation there. The City of Houston and the Houston Independent School District instituted a suit for taxes for the year 1949.

In holding that the property in question was exempt, the court reviewed decisions in other States in which exemption had been accorded on the basis that if the subsequent use of the premises created a tax exempt situation then a use which was confined to readying them for such purpose established a right to exemption.

At page 636 the court said:

". . . The work proceeded until it was com-
pleted on May 13, 1949, and since that time
the hospital and clinic have been operated
as a public charity. <u>The facts alleged
show, in our opinion, an actual and direct
use of the property on and prior to January 1,
1949, for the charitable purpose.</u>" (Emphasis
supplied.)

The most recent case involving the exemption of prop-
erties belonging to a charitable foundation is <u>David Graham
Hall Foundation v. Highland Park, et al., 371 S.W. 2d 762,</u>
(Tex. Civ. App. 1963, error ref., n.r.e.). The court was
concerned with the following facts as stated at page 765 of
the opinion:

"The David Graham Hall Foundation was
established in 1940. Its corporate charter
recites that it was created for the 'support
of any benevolent, charitable, educational
or missionary undertaking.' Over the years
it has engaged in many laudable activities,
among them the study, prevention and cure
of communicable diseases, the establishment
of blood banks, etc.

"The Foundation is sole owner of the
property in question, Lot 16 of Block 87,
Highland Park 4th Installment. The dimen-
sions of the lot are 250' by 250'. On it
four buildings are located: a main build-
ing and three residences.

"The main building houses the Founda-
tion's administrative offices and labora-
tories. This building also houses the ad-
ministrative offices of the David Graham
Hall Trust, a related but separate organi-
zation. The Trust owns many properties
the revenue from which is devoted to the
support of the Foundation.

.  .  .

"Of the three residences on the property,
two of them are rent houses, the revenues from
which are devoted to the Foundation's acti-
vities. The third residence is known as the
caretaker's house. This house has also been
rented for an indeterminate period for the
sum of $50.00 per month. During World War

II these houses were occupied in part at
least at a nominal rental by war refugees
who performed services for the Foundation."

The court held that the property of the charitable
organization was not exempt from the payment of ad valorem
taxes since the particular property in question had not
been used exclusively for charitable purposes.  At page 764,
the court stated:

"As was pointed out by our Supreme
Court recently it will not suffice for
one to show that he comes within the
statutory provisions for tax exemption
if the facts do not bring his case with-
in the requirements for tax exemption
as laid down in Art. VIII, Sec. 2 of
our State Constitution.  River Oaks
Garden Club v. City of Houston, Tex.
370 S.W. 2d 851. . . .

. . .

". . . The constitutional requirement
is two-fold:  the property must be owned
by the organization claiming the exemp-
tion; and it must be exclusively used
by the organization, as distinguished
from a partial use by it and a partial
use by others whether the others pay
rent or not.  / Authorities omitted _7
. . ." (Emphasis theirs)

It is our opinion that under the decisions above cited
none of the properties belonging to the Foundation are now
exempt from ad valorem taxes, because said properties are
not presently being devoted to the actual, direct and ex-
clusive charitable use requisite to exemption.

### S U M M A R Y

The properties belonging to The
Ed Rachal Foundation are not now
exempt from ad valorem taxes be-
cause said properties are not
presently being devoted to the

actual, direct and exclusive charitable use requisite to exemption.

Yours very turly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:lr

**APPROVED:**
OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Jack Goodman
John Pettit
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright